UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDY BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>WHOLE FOODS MARKET GROUP, INC.,<br><br>    Defendant. | Civil Action No. 13-175 (JEB) |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Randy Brown filed this suit against Whole Foods Market Group, Inc., alleging that its employees mistreated him upon visits to their stores. Unhappy that the Court ruled against him in deciding certain motions, Brown now moves to recuse this Court from presiding over his suit. As he has not alleged sufficient facts to warrant such relief, the Court will deny the Motion.

Plaintiff grounds his recusal request on 28 U.S.C. § 455 and The Code of Conduct for United States Judges, both of which, in nearly identical language, specify when a judge should recuse himself. The inquiry is effectively the same because the former provides litigants a mechanism for seeking recusal. See, e.g., In re Barry, 946 F.2d 913, 917 n.2 (D.C. Cir. 1991) (Edwards, J., dissenting) ("The point to be made is that, while ethics standards under the Code may inform dispositions under section 455(a), the standards of conduct under the Code are not directly enforced through section 455(a). For the most part, the Code is enforced through self-regulation by individual judges."); Ragozzine v. Youngstown State Univ., 783 F.3d 1077, 1080 (6th Cir. 2015) ("The statutory provision is binding on the courts as law applicable to whether

1

recusal is required. The substantially identical canon provision is a subset of a code of judicial obligations that are ethically binding."). Before proceeding with that analysis, the Court notes that, while it has the option of forwarding the Motion to Recuse to another judge, transfer is not required. See Karim-Panahi v. U.S. Congress, 105 F. App'x 270, 274-75 (D.C. Cir. 2004). Since the issues presented here are neither complex nor compelling, the Court will not impose on a colleague.

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Subsection (b)(1) requires disqualification where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." The Court bears in mind that "[t]he standard under section 455(a) is objective: a judge must recuse [him]self only if there is a showing of an appearance of bias or prejudice sufficient to permit the average citizen reasonably to question a judge's impartiality." Karim-Panahi, 105 F. App'x at 274 (citation and internal quotation marks omitted) (emphasis added). Subsection (b)(1), conversely, provides grounds for recusal from a court's actual bias gained from extrajudicial sources. See id.; see also United States v. Pollard, 959 F.2d 1011, 1031 (D.C. Cir. 1992) (discussing standards). Brown's Motion fails to satisfy either standard.

In seeking recusal under § 455(a), Plaintiff mentions "[t]he perception of impropriety surrounding Judge Boasberg's failure to read Plaintiff's ADA pleadings with impartiality and accuracy." Mot. at 2. This complaint, however, stems only from the Court's earlier Opinion dismissing the matter. In addition, he alleges that the Court made a statement in a news article about the case. Id. Yet, the article he cites from the Washington Business Journal merely quotes this Court's Opinion dismissing the case. See Opp., Exh. A. There is nothing in the article to

imply that the Court actually spoke to the reporter about the case. See id.  Moving next to subsection (b)(1), the Court cannot find that Plaintiff has articulated any bias whatsoever emanating from outside the four corners of the case.

The Court, accordingly, ORDERS that the Motion is DENIED.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  October 13, 2015